James STERMEL, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (City of Philadelphia), Respondent.

Commonwealth Court of Pennsylvania.

Argued May 13, 2014.

Decided Nov. 13, 2014.

Reargument En Banc Denied Jan. 8, 2015.

Michael N. Borish, Philadelphia, for petitioner.

Joseph P. Turchi, Philadelphia, for respondent.

BEFORE: MARY HANNAH LEAVITT, Judge, P. KEVIN BROBSON, Judge, and ANNE E. COVEY, Judge.

OPINION BY Judge LEAVITT.

James Stermel (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) holding that the City of Philadelphia (Employer) was entitled to recover a portion of the Heart and Lung benefits it paid Claimant from Claimant's third party tort claim settlement. The Workers' Compensation Judge (WCJ) had granted Employer's subrogation request on the basis of a holding from this Court that Heart and Lung benefits were subject to subrogation by the employer. After the WCJ issued her decision, the Pennsylvania Supreme Court reversed this Court's holding. The Board acknowledged this development in the case law. Nevertheless, the Board determined that because part of the Heart and Lung benefits Employer paid were actually workers' compensation benefits, they could be recovered from a claimant's third party settlement. Concluding that the Board erred, we reverse.

## Applicable Law

We begin with a review of the three statutes that govern this appeal. They are: the Workers' Compensation Act, the Heart and Lung Act and the Motor Vehicle Financial Responsibility Law.

The Workers' Compensation Act[1] provides compensation to employees who are injured at work to cover their medical bills and lost wages. Where a work injury prevents an employee from doing his pre-injury job, he is entitled to total disability benefits in the amount of two-thirds of his pre-injury wages. Section 306(a) of the Workers' Compensation Act;[2] *Vista International Hotel v. Workmen's Compensation Appeal Board (Daniels)*, 560 Pa. 12, 742 A.2d 649, 654 (1999). All employers, public and private, are subject to the requirements of the Workers' Compensation Act.

The act commonly known as the Heart and Lung Act,[3] provides police officers and other public safety employees, who are temporarily unable to perform their duties because of a work injury, their full salary. The more favorable wage loss benefit in the Heart and Lung Act enables public employers to "attract employees to and keep them in the essential and dangerous jobs." *McWreath v. Department of Public Welfare*, 26 A.3d 1251, 1255 (Pa.Cmwlth. 2011). Public safety employees are also entitled to benefits under the Workers' Compensation Act. However, any workers' compensation disability compensation received by the public safety employee collecting Heart and Lung benefits "must be turned over to [the public employer] ... and paid into the treasury thereof." Section 1(a) of the Heart and Lung Act.[4] Self-

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

2. Section 306(a) states, in relevant part, that: The following schedule of compensation is hereby established:
   For total disability, sixty-six and two-thirds per centum of the wages of the injured employe[.]
   77 P.S. § 511(1).

3. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638.

4. Section 1(a) states, in relevant part, as follows:

   During the time salary for temporary incapacity shall be paid by the Commonwealth of Pennsylvania or by the Delaware River Port Authority or by the county, city, borough, town or township, *any workmen's compensation, received or collected by any such employe for such period, shall be turned over to the Commonwealth of Pennsylvania or to the Delaware River Port Authority or to such county, city, borough,*

insured public employers that pay Heart and Lung benefits do not also make workers' compensation payments because they would simply be returned. *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 153 Pa.Cmwlth. 403, 621 A.2d 1111, 1113 (1993). Nevertheless, self-insured employers paying Heart and Lung benefits issue a notice of compensation payable to acknowledge the work injury. *City of Philadelphia v. Workers' Compensation Appeal Board (Ford–Tilghman)*, 996 A.2d 569, 573 (Pa.Cmwlth.2010).

■ Where a compensable work injury has been caused by a third party, Section 319 of the Workers' Compensation Act gives the employer a right of subrogation against the employee's tort recovery.[5] The Heart and Lung Act contains no such provision, but it has been construed as giving the employer the right to subrogate. *Fulmer v. Pennsylvania State Police*, 167 Pa.Cmwlth. 60, 647 A.2d 616, 619 (1994). The policy behind subrogation is threefold:

> First, it prevents double recovery for the same injury by the claimant. Second, it prevents the employer from having to make compensation payments which resulted from the negligence of a third party. Finally, it prevents a third party from escaping liability for his negligence.

*Murphy v. Workers' Compensation Appeal Board (City of Philadelphia)*, 871 A.2d 312, 317 (Pa.Cmwlth.2005).

In 1984, the legislature enacted the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701–1799.7. In doing so, the legislature abolished the employer's ability under Section 319 of the Workers' Compensation Act to subrogate its compensation payments against a claimant's motor vehicle tort recovery. Specifically, Section 1720 of the Motor Vehicle Financial Responsibility Law states as follows:

> *In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits,* benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) *or benefits paid or payable by a program, group contract or other arrangement whether primary or excess* under section 1719 (relating to coordination of benefits).

75 Pa.C.S. § 1720 (emphasis added). The language "benefits paid or payable by a program, group contract or other arrangement whether primary or excess" was added to Section 1720 in a 1990 amendment.

---

*town or township,* and paid into the treasury thereof, and if such payment shall not be so made by the employe the amount so due ... shall be deducted from any salary then or thereafter becoming due and owing. 53 P.S. § 637(a) (emphasis added).

5. It states, in relevant part, as follows:
    Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ... against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compro-

mise settlement shall be prorated between the employer and employe.... The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe ... and shall be treated as an advance payment by the employer on account of any future instalments of compensation.
    77 P.S. § 671.

Act of February 7, 1990, P.L. 11. It replaced language that read "benefits in lieu thereof paid or payable." Act of February 12, 1984, P.L. 26. This Court has interpreted both versions of Section 1720 to designate Heart and Lung benefits as a type of benefit not eligible for subrogation where the injury arises from a motor vehicle accident. *Fulmer*, 647 A.2d at 618–19.

Section 1720's exclusion of workers' compensation and Heart and Lung benefits from subrogation is explained by Section 1722 of the Motor Vehicle Financial Responsibility Law, which prohibits a plaintiff from recovering from the third party tortfeasor lost wages covered by workers' compensation or Heart and Lung benefits. Specifically, Section 1722 states as follows:

> In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, *a person who is eligible to receive benefits* under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) *shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits* as defined in section 1719.

75 Pa.C.S. § 1722 (emphasis added). Thus, as of 1984, a plaintiff injured in a

motor vehicle accident could not include workers' compensation or Heart and Lung benefits as an item of damages in his tort action. Our Supreme Court has explained the purpose behind Section 1722 as follows:

> Facially, Section 1722 reflects the Legislature's intent to shift a substantial share of the liability for injuries ... from automobile insurance carriers to collateral source providers (many of which previously held subrogation interests), obviously with the aim to reduce motor vehicle insurance premiums.

*Tannenbaum v. Nationwide Insurance Company*, 605 Pa. 590, 992 A.2d 859, 866 (2010).

In 1993, the legislature enacted a statute commonly called "Act 44,"[6] which amended the Workers' Compensation Act and the Motor Vehicle Financial Responsibility Law.[7] Section 25(b) of Act 44 restored the employer's right of subrogation for workers' compensation benefits paid to a claimant whose work injury resulted from an automobile accident. Section 25(b) of Act 44 states as follows:

> The provisions of 75 Pa.C.S. §§ 1720 and 1722 are repealed insofar as they relate to workers' compensation payments or other benefits under the Workers' Compensation Act.

Accordingly, a plaintiff injured in an automobile accident may include workers' compensation payments as an item of damages sought from the tortfeasor. *Hannigan v. Workers' Compensation Appeal Board*

---

6. Act of July 2, 1993, P.L. 190, No. 44.

7. Act 44 amended the workers' compensation insurance system by implementing major changes concerning, *inter alia*, payment of medical bills, insurance ratemaking, self-insurance pooling and insurance fraud. Most of these amendments were effected by revisions and additions to the Workers' Compensation Act. In addition, effecting these

changes required the repeal of other statutes. Section 25(a) repealed Section 654 of The Insurance Company Law of 1921, Act of May 17, 1921, P.L. 682, and Sections 1735 and 1737 of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1735, 1737. Section 25(b) repealed Sections 1720 and 1722 of Title 75, as set forth above.

(*O'Brien Ultra Service Station* ), 860 A.2d 632, 636 (Pa.Cmwlth.2004). By Section 25(b) of Act 44, the legislature

> preserved a scheme which allowed claimants to be made whole but prevented their double recoveries, while shifting the ultimate burden from innocent employers and their carriers to responsible tortfeasors and those insurers who pay in their stead.

*Id.* at 636.

Act 44's repeal of portions of the Motor Vehicle Financial Responsibility Law left a question about whether Heart and Lung benefits paid by an employer could be pursued by the injured public safety employee, subject to the public employer's right of subrogation. After conflicting decisions, this Court issued a decision in *Oliver v. City of Pittsburgh*, 977 A.2d 1232 (Pa.Cmwlth.2009) (*en banc* ), *rev'd*, 608 Pa. 386, 11 A.3d 960 (2011), holding that Heart and Lung benefits were subject to the public employer's subrogation.

In *Oliver*, a City of Pittsburgh police officer was injured in a motor vehicle accident while performing her work duties. The City paid Heart and Lung benefits in the amount of $848. The officer settled a claim against a third party tortfeasor for $2,300, and the City asserted a subrogation lien. She responded with a declaratory judgment action to bar the City's attempt at subrogation. The trial court granted judgment in the officer's favor. This Court reversed, holding that an employer "is entitled to subrogate against [an employee's] third-party recovery for the amount of Heart and Lung Act benefits paid." *Oliver*, 977 A.2d at 1242. Because the Workers' Compensation Act and Heart and Lung Act both compensate for a work injury, we reasoned that there was "no reasonable basis for inconsistent treatment with respect to the employer's right to subrogate against a third-party recovery."

*Id.* at 1239. A contrary interpretation would mean that private employers paying workers' compensation benefits would be entitled to subrogation but "the innocent public employer (and the public fisc), which has paid Heart and Lung benefits under the same circumstances, will bear the burden to make payments necessitated by the actions of a negligent private party." *Id.* at 1241.

The Pennsylvania Supreme Court reversed. It held that Section 25(b) of Act 44 restored an employer's right of subrogation for workers' compensation payments but did "not impact any anti-subrogation mandates pertaining to [Heart and Lung Act] benefits." *Oliver v. City of Pittsburgh*, 608 Pa. 386, 11 A.3d 960, 966 (2011). It explained that because the language of Section 25(b) was clear, it was error for this Court to resort to other principles of statutory construction. The Supreme Court reasoned that

> [a]lthough the [Workers' Compensation Act] also embodies a similar remedial scheme, the [Heart and Lung Act's] more favorable treatment of public-safety employees who are temporarily disabled suggests against treating an overlap as an equivalency.

*Id.* at 966.

## Factual and Procedural Background

We turn to the facts of this case, which are not in dispute. On June 7, 2006, Claimant, a police officer, pulled over a motorist for speeding. As he sat in his police cruiser by the side of the road, Claimant was rear-ended by an intoxicated driver and sustained a back injury that caused him to miss work for 21 weeks. Claimant's average weekly wage at the time of the injury was $1,401.33. Employer, which is self-insured for workers' compensation, issued a Notice of Compensation Payable (NCP) accepting liability for

the injury and acknowledging that Claimant was entitled to total disability workers' compensation payments of $745 per week, the maximum rate for any claimant injured in 2006. Reproduced Record at 57a (R.R. ——). Employer's NCP stated that Employer was paying Heart and Lung benefits, *i.e.,* Claimant's full salary, in lieu of workers' compensation:

> Claimant received salary continuation in lieu of PA Workers' compensation for period of lost time under the City of Philadelphia's Heart and Lung Act.

R.R. 58a. On October 31, 2006, Claimant returned to work with no wage loss, and his Heart and Lung benefits stopped.

Claimant pursued a third party tort claim against the driver who hit the cruiser and a claim against the tavern that served the driver alcohol when he was visibly intoxicated. The total recovery from both defendants was $100,000.[8]

Employer filed a petition to review compensation benefit offset seeking subrogation against Claimant's third party recovery. Employer asserted a subrogation lien for medical bills it had paid in the amount of $7,244.37 and for wage loss payments in the amount of $20,498.96. Claimant's answer denied Employer's demand for subrogation. Claimant argued that (1) Heart and Lung benefits are not subject to subrogation under Section 25(b) of Act 44 and (2) under Section 23 of Act 44, Claimant, as a government employee, enjoys immunity from Employer's subrogation claim.[9]

The matter was assigned to a WCJ, who received documentary evidence from the parties, including a copy of the NCP and a list of the medical and wage loss payments Employer had made. No testimony was taken. The WCJ concluded that Employer was entitled to subrogation for the Heart and Lung benefits it paid and that Claimant did not enjoy immunity from Employer's subrogation claim. Accordingly, the WCJ granted Employer's review offset petition.

Claimant appealed, and the Board reversed. Based on the Supreme Court's decision in *Oliver v. City of Pittsburgh,* 608 Pa. 386, 11 A.3d 960, which was handed down after the WCJ's adjudication, the Board concluded that there is no right of subrogation against a motor vehicle tort recovery for benefits paid under the Heart and Lung Act.

Employer requested rehearing, which was granted by the Board. Following rehearing, the Board granted Employer's review offset petition. The Board concluded that Employer is entitled to subrogation. The Board distinguished *Oliver* because in that case there was no evidence that the claimant had received workers' compensation benefits. The Board also pointed out that in *Oliver,* the claimant pursued a declaratory judgment action in the court of common pleas and not a petition before the workers' compensation authorities. The Board found it significant that the Supreme Court in *Oliver* was silent on the interplay between the Motor Vehicle Financial Responsibility Law, Heart and Lung Act and Workers' Compensation Act, which are critical in the present case. The Board determined that two-thirds of the Heart and Lung disability benefits paid by this self-insured Employer represented workers' compensation benefits. As such, Employer was entitled to the right of sub-

---

**8.** The settlement was not broken down into components and did not include the amount representing either his workers' compensation or Heart and Lung benefits paid by Employer.

**9.** Section 23 of Act 44 is discussed *infra.*

rogation provided in Section 319 of the Workers' Compensation Act.

The Board reasoned that if Employer had not been self-insured, its workers' compensation carrier would have made payments and Claimant, in turn, would have been required to "turn over" these payments to Employer. Section 1(a) of the Heart and Lung Act, 53 P.S. § 637(a). Stated otherwise, Employer would have been reimbursed for two-thirds of the Heart and Lung benefits it paid, and its workers' compensation insurer would be eligible for subrogation against the tortfeasor responsible for Claimant's injury. The Board concluded that a self-insured public employer's right of subrogation should not be less than that of the insured public employer. The Board did not address the immunity issue raised by Claimant. Claimant then petitioned for this Court's review.[10]

### Issues

On appeal, Claimant raises three issues for our consideration. First, Claimant argues that Employer waived the issue of whether it is entitled to subrogation. Second, Claimant asserts that the Board erred because it did not follow our Supreme Court's holding in *Oliver* that an employer has no right of subrogation for Heart and Lung benefits paid to victims of motor vehicle accidents. Third, Claimant argues that as a government employee, Section 23 of Act 44 gives him immunity from any

subrogation claim. We address these issues *seriatim.*

### Waiver

▪ Claimant argues that Employer did not preserve the issue ultimately decided by the Board, *i.e.,* whether Employer is entitled to subrogation because part of Claimant's Heart and Lung benefits constituted payments under the Workers' Compensation Act. Claimant asserts that by not including that issue in its appeal brief to the Board, Employer waived it. Employer responds that it was Claimant that appealed to the Board. Accordingly, it raised the issue at its first opportunity, *i.e.,* in its petition for rehearing filed with the Board. We agree.

The WCJ granted Employer's petition on the basis of this Court's holding in *Oliver.* In his appeal to the Board, Claimant argued that he had immunity from a subrogation claim and that Section 25(b) of Act 44 does not apply to Heart and Lung benefits. Employer had no standing to appeal the WCJ's order and was not required to anticipate every possible issue in its brief to the Board. *South River Power Partners, L.P. v. Pennsylvania Public Utility Commission,* 673 A.2d 422, 425–26 (Pa.Cmwlth.1996).[11] Only when the Board reversed the WCJ did Employer become aggrieved, and it raised the issue of its right to subrogation in its petition for rehearing before the Board. This was its first opportunity to do so. In short, Em-

---

**10.** This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Crisman),* 39 A.3d 1028, 1033 n. 6 (Pa.Cmwlth.2012). When reviewing questions of law, our review is plenary. *Land O' Lakes, Inc. v. Workers'*

*Compensation Appeal Board (Todd),* 942 A.2d 933, 936 n. 3 (Pa.Cmwlth.2008).

**11.** *See also Commonwealth v. Karetny,* 583 Pa. 514, 880 A.2d 505, 518 n. 11 (2005) (explaining that "no party is required to predict, identify, and rebut all new or alternative theories that might be invoked by the appellate court.").

ployer did not waive the issue of subrogation.

## Subrogation for Heart and Lung Benefits

. [3] Claimant next argues that the Board erred by not following the Supreme Court's holding in *Oliver* that an employer has no right of subrogation for Heart and Lung benefits paid to victims of motor vehicle accidents. Claimant argues that *Oliver* cannot be distinguished from the instant case in any relevant way, and the Board erred in otherwise holding. Claimant further asserts that the cases relied upon by the Board, namely *Wisniewski*, 153 Pa.Cmwlth. 403, 621 A.2d 1111, and *Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Excalibur Insurance Management Service)*, 32 A.3d 291 (Pa.Cmwlth.2011), are distinguishable.

For its part, Employer rejoins that the Board properly distinguished *Oliver*. Employer paid Heart and Lung benefits, but it also acknowledged the compensability of Claimant's injury under the Workers' Compensation Act in its NCP, a situation not raised or considered in *Oliver*. Employer contends that because part of the Heart and Lung benefits Employer paid represented workers' compensation benefits, as explained in *Wisniewski* and *Excalibur Insurance*, Employer is entitled to subrogation.

In *Oliver*, 608 Pa. 386, 11 A.3d 960, our Supreme Court held that Section 25(b) of Act 44 restored an employer's right of subrogation for workers' compensation payments but did "not impact any anti-subrogation mandates pertaining to [Heart and Lung Act] benefits." *Id.* at 966. Because the language of Section 25(b) was clear, the Supreme Court explained that principles of statutory construction had no application. Simply, an employer cannot recover Heart and Lung benefits against the third party tortfeasor whose negligence involving a motor vehicle causes the injury to the public safety employee.

*Oliver* involved a police officer injured in a motor vehicle accident while at work, and a self-insured public employer that paid Heart and Lung benefits to the officer. These basic facts are identical to those in this case. The only difference is that in *Oliver* the record was silent on whether the public employer, the City of Pittsburgh, had issued an NCP. This is a distinction without a difference because the City of Pittsburgh was obligated to pay compensation to the claimant in *Oliver* with or without an NCP.

Employer paid Heart and Lung benefits during the entire time that Claimant was temporarily disabled by his work injury.[12] Employer's NCP states that "Claimant received salary continuation [under the Heart and Lung Act] *in lieu of* PA Workers' compensation for period of lost time." R.R. 58a (emphasis added). This does not, as Employer contends, make Claimant's situation different from the claimant in *Oliver*, who "only received Heart and Lung Benefits." Employer's Brief at 5. The NCP, which was issued unilaterally by Employer, does not transform Heart and Lung benefits into workers' compensation; they are separate. For its own reasons,

---

12. This is different than the situation in *City of Pittsburgh v. Workers' Compensation Appeal Board (Williams)*, 810 A.2d 760 (Pa.Cmwlth. 2002), where the employer was entitled to subrogation after it had ceased paying Heart and Lung benefits upon the claimant's termination for conduct unbecoming an officer and replaced them with workers' compensation benefits. This Court's decision in *Oliver* overruled *Williams* to the extent *Williams* held that Heart and Lung benefits are not subject to subrogation. However, as discussed, the Supreme Court subsequently reversed this Court's decision in *Oliver*.

the General Assembly has decided to treat Heart and Lung benefits differently, at least with respect to subrogation from a claimant's tort recovery arising from a motor vehicle accident.

The Board's reliance on *Wisniewski* and *Excalibur Insurance* is misplaced. In *Wisniewski*, a police officer was injured on the job, and her self-insured employer issued an NCP noting that the claimant was receiving her full salary under the Heart and Lung Act. Thereafter, the employer filed a termination petition based on the claimant's full recovery, and the petition was granted. The claimant appealed, arguing that there could be no termination because she had never received workers' compensation benefits from her employer. This Court held that where a self-insured employer pays Heart and Lung benefits, two-thirds of those payments represent workers' compensation benefits. *Wisniewski*, 621 A.2d at 1113. Therefore, the employer may seek a termination of workers' compensation benefits even while Heart and Lung benefits continue. Indeed, we explained that the employer must continue to pay the full salary under the Heart and Lung Act unless and until those benefits are terminated in the appropriate forum.

*Excalibur Insurance* also involved a police officer whose employer was self-insured. The employer acknowledged liability under the Workers' Compensation Act but paid Heart and Lung benefits. The employer subsequently filed a termination petition with the workers' compensation authorities and requested supersedeas, which was denied. The termination was ultimately granted and the employer sought reimbursement from the supersedeas fund.[13] The Bureau of Workers' Compensation opposed the request, arguing that only Heart and Lung benefits were paid. Relying on *Wisniewski*, this Court held that a self-insured employer is entitled to reimbursement from the supersedeas fund for the portion of the Heart and Lung benefits paid in lieu of workers' compensation benefits. *Excalibur Insurance*, 32 A.3d at 295. We reasoned that it would be inequitable to treat a self-insured employer differently than a third party insurer with respect to supersedeas fund reimbursement.

Drawing upon *Wisniewski* and *Excalibur Insurance*, the Board reasoned that two-thirds of the Heart and Lung benefits paid by Employer represented workers' compensation benefits, entitling Employer to subrogation.[14] *Wisniewski* and *Excalibur Insurance* are not subrogation cases. *Wisniewski* terminated the employer's liability for workers' compensation, but it also held that the employer had to pay the claimant full Heart and Lung benefits unless and until those benefits were terminated in another proceeding. Stated otherwise, *Wisniewski* expressly acknowledged that Heart and Lung benefits and

**13.** Supersedeas fund reimbursement allows an employer that pays benefits later determined not to be payable to get those payments back from the fund, which was established by the legislature. None of the money reimbursed to the employer comes from the claimant's pocket. *H.A. Harper Sons, Inc. v. Workers' Compensation Appeal Board (Sweigart and BWC Legal Division)*, 84 A.3d 363, 366 (Pa.Cmwlth.2014).

**14.** We note that even if subrogation were appropriate here, Employer would not be enti-

tled to subrogation for two-thirds of the benefits it paid to Claimant as stated by the Board. Although workers' compensation wage loss benefits are typically two-thirds of the pre-injury wages, here Claimant was capped at the maximum compensation rate for 2006. Claimant's average weekly wage was $1,401.33, and he was entitled to total disability workers' compensation payments of $745 per week. Thus, Claimant did not and would not receive two-thirds of his wages in workers' compensation.

workers' compensation benefits are subject to different statutory regimes. *Excalibur Insurance* dealt with the employer's right to recoup from the supersedeas fund. In both cases, the Court decided the issues solely under the Workers' Compensation Act. In neither case was the Motor Vehicle Financial Responsibility Law implicated.

By contrast, this case does involve the Motor Vehicle Financial Responsibility Law, and it prohibits a plaintiff from including as an element of damages payments received in the form of workers' compensation or other "benefits paid or payable by a program ... or other arrangement." 75 Pa.C.S. § 1720. This language "benefits paid or payable by a program" has been construed to include the program by which Heart and Lung benefits are paid. *Fulmer*, 647 A.2d at 618–19. Section 25(b) of Act 44 changed the Section 1720 paradigm only for workers' compensation benefits, not Heart and Lung benefits. This means Claimant continued to be "precluded" from recovering the amount of benefits paid under the Heart and Lung Act from the responsible tortfeasors. 75 Pa.C.S. § 1722. There can be no subrogation out of an award that does not include these benefits. Likewise, because the tort recovery cannot, as a matter of law, include a loss of wages covered by Heart and Lung benefits, Claimant did not receive a double recovery of lost wages or medical bills.

The Board focused on fairness, reasoning that it is unfair and unreasonable to treat a self-insured public employer differently than an insured public employer. In *Oliver*, this Court held that it would be unreasonable to allow private employers

paying workers' compensation the right of subrogation while

> the innocent public employer (and the public fisc), which has paid Heart and Lung benefits under the same circumstances, will bear the burden to make payments necessitated by the actions of a negligent private party.

*Oliver*, 977 A.2d at 1241. However, our Supreme Court rejected this reasoning, focusing instead on the preferential treatment afforded to injured public safety employees under the Heart and Lung Act. Likewise, here, the Board erred in focusing on the impact on Employer.[15]

Simply, Section 1722 of the Motor Vehicle Financial Responsibility Law did not allow Claimant to recover loss of wages from the tortfeasor defendants because they were covered by the Heart and Lung Act. The record does not disclose the elements of the $100,000 Claimant received from the tortfeasor. As a matter of law, however, it was net of his Heart and Lung benefits. 75 Pa.C.S. § 1722.

The Board failed to honor the established law that Section 25(b) of Act 44 applies only to workers' compensation benefits. In its original version, the Motor Vehicle Financial Responsibility Law made employers, not motor vehicle insurers, responsible for the payment of medical bills and lost wages on behalf of a person injured in a motor vehicle accident that occurred in the course of employment. With Act 44, the legislature shifted the responsibility for these costs from the employer (or its workers' compensation insurer), to the tortfeasor, (or its insurer). However, Act 44 did not shift responsibility for Heart and Lung benefits, which remain with the employer. As our Supreme Court has ex-

---

15. At any rate, such perceived unfairness or disparate treatment does not exist in every case. Self-insured employers paying Heart and Lung benefits are only precluded from subrogating against a third party recovery where the injury involves a motor vehicle.

plained, the legislature's rationale is irrelevant:

> Significantly, the [Motor Vehicle Financial Responsibility Law's] remedial scheme has become increasingly complicated, in light of the need to address premium costs while maintaining financial viability in the insurance industry. The Legislature has made numerous specific refinements impacting the competing, and legitimate, rights and interests of insurers, employers, and injured persons. In this landscape, where there are mixed policy considerations involved, *we decline to extend clear and specific refinements beyond their plain terms.*

*Oliver*, 11 A.3d at 966 (emphasis added). By treating a portion of the Heart and Lung benefits as workers' compensation payments, the Board extended the legislature's "specific refinements beyond their plain terms."

Only the legislature may undertake further refinements and eliminate the distinction between the self-insured public employer and the public employer who purchases an employer's liability policy of insurance. We must, therefore, reverse the Board.

### Immunity

Finally, Claimant argues that Section 23 of Act 44 gives him, as a government employee, sovereign immunity from any subrogation claim against his tort recovery. Section 23 of Act 44 is found in the historical and statutory notes following Section 305 of the Workers' Compensation Act, 77 P.S. § 501. Section 23 of Act 44 states as follows:

> The Commonwealth, its political subdivisions, their officials and employees acting within the scope of their duties shall enjoy and benefit from sovereign and official immunity from claims of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits.

Claimant argues that Section 23's plain language grants him immunity against Employer's subrogation claim.

Employer responds that Section 23 of Act 44 does not confer sovereign immunity upon Claimant. This immunity applies only where the political subdivision or its employee is the defendant in a tort claim, not the plaintiff. Further, sovereign immunity does not apply where, as here, the City of Philadelphia, a governmental entity, seeks subrogation against a private, third party actor. Claimant's interpretation of Section 23 runs contrary to sovereign immunity's main purpose of protecting public interests.

Having concluded that Employer is not entitled to subrogation under Section 25(b) of Act 44, the Court need not reach this issue.[16]

---

**16.** However, *Frazier v. Workers' Compensation Appeal Board (Bayada Nurses, Inc.)*, 616 Pa. 592, 52 A.3d 241 (2012) is instructive. There, the employer, Bayada Nurses, was not entitled to subrogation for workers' compensation benefits it paid to its employee, who was injured on a bus, against the employee's third party settlement received from SEPTA. The Supreme Court interpreted Section 23 of Act 44 as the legislature's choice to protect the public treasury in cases involving the negligence of a governmental entity, explaining that

> a primary purpose of sovereign immunity, protection of the public fisc, is [thereby] satisfied, as the Commonwealth and its political subdivisions can enter into reduced settlement agreements [that do not account for subrogation liens] and "benefit" from sovereign immunity.

*Frazier*, 52 A.3d at 249. In any case, Claimant's status as a government employee is irrelevant because he is the injured party, not the tortfeasor. In *Oliver*, 977 A.2d 1232, this Court held that "Section 23 does not preclude an employer from subrogating against its own

## Conclusion

The Board erred in granting Employer's petition to review compensation benefit offset seeking subrogation against Claimant's third party recovery arising from a motor vehicle accident. Accordingly, we must reverse the Board.

## ORDER

AND NOW, this 13th day of November, 2014, the order of the Workers' Compensation Appeal Board dated November 5, 2013, in the above-captioned matter is hereby REVERSED.

employee's third-party recovery." *Id.* at 1242. The Supreme Court reversed on other grounds and did not address the immunity issue.