# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yan Hua Wang and Hong Wei Wang,  :
mother and father of Bo Wang  :
(Decedent),  :
                      Petitioners  :
                                    :
                v.  :
                                      :
Workers' Compensation Appeal Board  :
(New Li Nail Spa, Inc.),  :   No. 1465 C.D. 2017
                     Respondent  :   Submitted: June 6, 2018


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: October 17, 2018

        Yan Hua Wang and Hong Wei Wang (collectively, Claimants) petition this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) September 20, 2017 order affirming the Workers' Compensation Judge's (WCJ) decision denying Claimants' fatal claim petition (Petition) filed on behalf of their daughter Bo Wang (Decedent). Claimants present two issues for this Court's review: (1) whether the WCJ erred by concluding Claimants did not satisfy the Section 310 of the WC Act[1] criteria; and, (2) whether the WCJ erred by ruling that Claimants were

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 563 (relating to parents not residing in the United States).

not dependent upon Decedent for a substantial amount of their support. After review, we affirm.

Decedent was employed by New Li Nail Spa, Inc. (Employer) as a nail decorator. Employer provided lodging for its employees in a residence located approximately fifteen minutes away from Employer's salon (Salon). Employer also offered employees daily transportation to and from work in a van titled in Employer's owner, sole manager and President Giuying Hao's (Hao) name. On December 15, 2013, a motor vehicle accident occurred while Hao was driving Decedent and other employees from their residence to the Salon in which Decedent died.

On February 23, 2016, Claimants filed the Petition alleging that Decedent sustained a fatal head injury in the crash causing Decedent's death and seeking benefits for themselves as Decedent's financial dependents. Employer denied the material allegations. A WCJ held a hearing on April 6, 2016. On November 23, 2016, the WCJ denied the Petition. The WCJ found that Decedent died as a result of a work injury sustained in the December 15, 2013 motor vehicle accident. However, the WCJ concluded that Claimants are not entitled to death benefits because Claimants failed to prove, as required by Section 310 of the WC Act, that the laws of the People's Republic of China, where they reside, would grant WC benefits to United States residents. The WCJ found Claimants' testimony about Decedent's earnings and the amount of Claimants' income Decedent provided to them not credible. Claimants appealed to the Board. On September 20, 2017, the Board affirmed the WCJ's decision. Claimants appealed to this Court.[2]

---

[2] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

Initially, the WCJ found as facts:

> 3. At the time of the April 6, 2016 [WCJ] hearing, the **parties agreed that the evidence in the companion cases** of *Li v. New Li Nail Spa, Inc.* and *Z/w/J v. Aten, Li Nail Spa., Inc.* **would be submitted** and **applied to the case at bar on the issue of the applicability of [the** Ridesharing Arrangements Act (**Ridesharing Act**)[3]]. Accordingly, [Employer] preserved the issue o[f] whether the Ridesharing Act is applicable in this pending litigation.
>
> 4. By Interlocutory Order dated November 19, 2015, [the WCJ] found that there was no ridesharing agreement [sic] to exist between the employees and [] Employer but instead determined that transportation was part of the Employees['] employment with [] Employer. Claimant and [] Employer. [sic] The Interlocutory Order dated November 19, 2015 shall be incorporated as Findings of Fact as if set forth at length herein.

WCJ Dec. at 3 (internal citation omitted; emphasis added). Employer appealed from the WCJ's decisions in the companion cases to the Board, which reversed the WCJ's decisions, thereby holding that the Ridesharing Act applied. The claimants in each of the companion cases appealed to this Court, which upheld the Board's ruling that the Ridesharing Act applied and affirmed the Board's orders in both cases. *See Li v. Workers' Comp. Appeal Bd. (New Li Nail Spa, Inc.)* (Pa. Cmwlth. No. 1332 C.D. 2017, filed October 17, 2018); *Zhou v. Workers' Comp. Appeal Bd. (New Li Nail Spa, Inc.)* (Pa. Cmwlth. No. 1367 C.D. 2017, filed October 17, 2018).

In the instant case, the Board noted:

> [Employer] also averred that the claim was barred under the [Ridesharing Act]. . . . The WCJ ultimately concluded that the Ridesharing Act would not preclude a recovery in this case because there was no ridesharing arrangement [sic]

---

[3] Act of December 14, 1982, P.L. 1211, *as amended*, 55 P.S. §§ 695.1-695.9. In 2015, Section 1 of the Ridesharing Act was repealed, and other sections were amended by the Act of July 10, 2015, P.L. 130. At the time of Decedent's injury, the 1982 version of the Ridesharing Act was in effect; therefore, this Court will apply that version of the statute herein.

between Decedent and [Employer]. Given our disposition of the case and the fact that [Employer] did not appeal this determination, we do not further address the WCJ's conclusion about the Ridesharing Act.

Board Op. at 1 n.2. Because Employer was not the aggrieved party as it ultimately prevailed before the WCJ, "Employer had no standing to appeal the WCJ's order and was not required to anticipate every possible issue in its brief to the Board." *Stermel v. Workers' Comp. Appeal Bd. (City of Phila.)*, 103 A.3d 876, 882 (Pa. Cmwlth. 2014). "In short, Employer did not waive the issue of [whether the Ridesharing Act applies]." *Id.* at 882-83.

Section 3 of the Ridesharing Act provides, in relevant part: "The [WC Act] shall not apply to a passenger injured while participating in a ridesharing arrangement between such passenger's place of residence and place of employment." 55 P.S. § 695.3. Accordingly, before reaching Claimants' issues, this Court must determine whether a ridesharing arrangement was established in the instant case.

Section 1 of the Ridesharing Act defines a "ridesharing arrangement," in pertinent part, as:

> Any one of the following forms of transportation:
>
> (1) The transportation of not more than 15 passengers where the transportation is incidental to another purpose of the driver who is not engaged in transportation as a business. The term shall include ridesharing arrangements commonly known as carpools and vanpools, used in the transportation of employees to or from their place of employment.
>
> (2) The transportation of employees to or from their place of employment in a motor vehicle owned or operated by their employer.

55 P.S. § 695.1.

4

In the interlocutory decision, the WCJ found the following relevant fact:

> 4. [Hao] testified that she was the employer of the employees in her Toyota van she was driving on December 15, 2013. [Hao] admitted that every day she would pick up her employees and take them to work and take them home at the end of the day. [Hao] admitted that she needed to drive her employees to work in order to run her business.

November 19, 2015 WCJ Dec. at 3.[4] Because Hao "transport[ed] [her] employees to or from their place of employment in a motor vehicle owned [and] operated by [Hao,]" this Court concludes a ridesharing arrangement was established. 55 P.S. § 695.1(2); *see also Li*; *Zhou*. Accordingly, "[t]he [WC Act] shall not apply to [Decedent because she was] injured while participating in a ridesharing arrangement between such passenger's place of residence and place of employment."[5] 55 P.S. § 695.3.

For all of the above reasons, the Board's order is affirmed.[6]

_____
ANNE E. COVEY, Judge

Judge Cohn Jubelirer and Judge Wojcik concur in the result only.

---

[4] A review of the record reveals that substantial evidence, *i.e.*, Hao's testimony, supports this finding. *See* Reproduced Record at 110a-111a, 121a.

[5] Given the disposition of this issue, the issues presented by Claimants are moot.

[6] "[W]e may affirm an agency's decision 'on other grounds where grounds for affirmance exist.'" *Miller v. State Emps. Ret. Sys.*, 137 A.3d 674, 680 n.6 (Pa. Cmwlth. 2016) (quoting *Turner v. Unemployment Comp. Bd. of Review,* 899 A.2d 381, 385 (Pa. Cmwlth. 2006)).

5

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yan Hua Wang and Hong Wei Wang,  :
mother and father of Bo Wang  :
(Decedent),  :
              Petitioners  :
  :
        v.  :
  :
Workers' Compensation Appeal Board  :
(New Li Nail Spa, Inc.),  :  No. 1465 C.D. 2017
          Respondent  :

## O R D E R

AND NOW, this 17th day of October, 2018, the Workers' Compensation Appeal Board's September 20, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge