# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Tiano,                    :
          Petitioner     :
                      :   No. 664 C.D. 2023
      v.               :
                      :   Submitted: October 9, 2025
City of Philadelphia (Workers'  :
Compensation Appeal Board),   :
          Respondent   :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                              **FILED: November 3, 2025**

Barbara Tiano (Claimant) has petitioned this Court to review the adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) that determined the City of Philadelphia (Employer) was entitled to a subrogation lien of $264,385.31. On appeal, Claimant argues that Employer is not entitled to subrogation against her third-party recovery for benefits paid pursuant to what is commonly known as the Heart and Lung Act (HLA).[1] After careful consideration, we conclude that the claims presented by Claimant are barred by *res judicata*. Therefore, we affirm the Board.

---

[1] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-638.

# I. BACKGROUND[2]

Claimant was employed as a police officer by Employer. On October 20, 2016, Claimant sustained a work-related injury after falling into a utility hole. Employer accepted responsibility for Claimant's injury by a Notice of Compensation Payable under the Workers' Compensation Act (Act).[3] In lieu of workers' compensation benefits, Employer paid HLA benefits to Claimant.

In August 2019, Claimant was awarded $450,000 from a settlement against PECO Energy Co., the third-party tortfeasor responsible for her injury.[4] Claimant recovered $50,000 of the settlement, but $264,385.31 remained in escrow pending resolution of the HLA lien after attorney's fees and additional costs were dispersed. Subsequently, Employer filed review and modification petitions seeking subrogation against Claimant's third-party recovery.

On May 29, 2020, while Employer's petitions were pending before the WCJ, the parties reached an agreement to cease HLA benefits based on Claimant's maximum medical improvement. Additionally, Employer presented evidence that Claimant's HLA benefits had changed to workers' compensation benefits.

On June 9, 2021, the WCJ denied Employer's petitions in part and limited its subrogation right to benefits paid after the parties' settlement. The WCJ found that Employer was not entitled to subrogation against payments made to Claimant under the HLA. Employer appealed.

---

[2] Unless otherwise stated, we adopt the factual background for this case from the WCJ's remand decision, which is supported by substantial evidence of record. *See* WCJ Remand Dec., 8/1/22.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[4] Claimant describes the circumstances leading to her injury: "while investigating a vehicle collision, [] she stepped into a hole left by a utility company [PECO Energy Co.] which had previously relocated the utility hole." Claimant's Br. at 5.

The Board affirmed in part, reversed the WCJ on the subrogation issue, and remanded for calculations of Employer's subrogation entitlement for benefits paid to Claimant under the HLA. *See also* Bd. Op., 4/18/22, at 13.

Claimant appealed to this Court, contesting the subrogation issue and asserting that Employer, as a self-insured government entity, has no subrogation right to paid HLA benefits against her third-party recovery, regardless of whether the underlying injury was caused by a motor vehicle. *See Tiano v. City of Phila. and PMA Mgmt. Corp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth. No. 438 C.D. 2022, filed Aug. 17, 2023) ("*Tiano I*"), slip op. at 2.[5] Additionally, Claimant contended that even if Employer is entitled to subrogation, it is nevertheless barred from exercising that right under Section 23 of Act 44[6] due to Claimant's status as a government employee. *See id.* In this Court's opinion in *Tiano I*, we affirmed the Board's April 18, 2022 order on the subrogation issue, because our precedent clearly supported Employer's subrogation right to recoup paid HLA benefits from third-party settlement proceeds, and further held that Claimant was not immune from Employer's right of subrogation.[7] *See id.* at 5.

---

[5] Our Supreme Court dismissed Claimant's appeal as having been improvidently granted, *see Tiano v. City of Phila. and PMA Management Corp. (Workers' Comp. Appeal Bd.)*, 328 A.3d 73, 74 (Pa. 2024), with Justice Wecht dissenting, opining that he would affirm this Court's decision.

[6] Act of July 2, 1993, P.L. 190, No. 44 § 25(b) ("Act 44"). Section 23 of Act 44 is available in the historical and statutory notes of Section 305 of the Act. *See* 77 P.S. § 501; *Stermel v. Workers' Comp. Appeal Bd.*, 103 A.3d 876, 886 (Pa. Cmwlth. 2014); *Tiano I*, slip op. at 4, 10.

[7] *See City of Phila. v. Zampogna*, 177 A.3d 1027, 1030 (Pa. Cmwlth. 2017) (recognizing an employer's right to subrogation of paid HLA benefits against recovery from a third-party tortfeasor); *Stermel v. Workers' Comp. Appeal Bd.*, 103 A.3d 876, 878 (Pa. Cmwlth. 2014) (same); *Topelski v. Universal S. Side Autos, Inc.*, 180 A.2d 414, 420 (Pa. 1962) (stating "[t]here can be no question of the right of the [employer] to recover by way of subrogation from the third[-]party tortfeasor all the salary, medical and hospital expenses paid to or from [the claimant]"); *but see Pa. State Police v. Workers' Comp. Appeal Bd. (Bushta)*, 184 A.3d 958, 962 (Pa. 2018) (acknowledging that where the injury arises from the "use or maintenance" of a motor vehicle,

3

During the pendency of this Court's decision in *Tiano I*, the WCJ issued its remand decision, finding that Employer's payments to Claimant from the date of injury constituted workers' compensation benefits, thereby entitling Employer to a subrogation lien against the remaining balance of Claimant's settlement, $264,385.31.

The Board affirmed the WCJ. *See* Bd. Op., 6/14/23. In part, the Board noted that "Claimant does not specifically appeal the numbers utilized in the calculations of the WCJ," but "instead argues that [Employer] has no subrogation rights for [the HLA] benefits paid to her." *Id.* at 7. The Board also reiterated its conclusion that because the third-party settlement arose from a non-motor vehicle-related cause of action, Employer has a subrogation right to paid HLA benefits from the date of the work injury, October 20, 2016. *Id.* at 8-9. Claimant timely petitioned this Court for review.

## II. ISSUES

Again, instead of contesting the calculations made on remand, Claimant presents the same two issues as in *Tiano I*. *See* Claimant's Br. at 13-14; *see Tiano I*, slip op. at 2. First, Claimant asserts that Employer, a self-insured government entity, has no subrogation right to paid HLA benefits against her third-party recovery, even though the underlying injury was not caused by a motor vehicle. *See* Claimant's Br. at 15-22. Second, Claimant contends that Section 23 of Act 44

---

thereby implicating the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701-1799, an employer has no right of subrogation against a claimant's third-party recovery of HLA benefits); *see also Oliver v. City of Pitts.*, 977 A.2d 1232, 1242 (Pa. Cmwlth. 2009), *rev'd on other grounds*, *Oliver v. City of Pitts.*, 11 A.3d 960 (Pa. 2011) (holding that Section 23 of Act 44 protects government tortfeasors, not injured government parties, and does not preclude an employer's subrogation right against its own employee's third-party recovery).

4

provides government employees, such as Claimant, with immunity from subrogation with respect to her third-party settlement. *See id.* at 22-26.

### III. DISCUSSION[8]

The doctrine of *res judicata* "prevents the relitigation of claims and issues in subsequent proceedings" and comprises technical *res judicata* and collateral estoppel. *Henion v. Workers' Comp. Appeal Bd. (Firpo & Sons, Inc.)*, 776 A.2d 362, 365 (Pa. Cmwlth. 2001). "Technical *res judicata* provides that when a final judgment on the merits exists, a future suit between the same parties on the same cause of action or claim is precluded." *Id.* (citing *Maranc v. Workers' Comp. Appeal Bd. (Bienenfeld)*, 751 A.2d 1196, 1199 (Pa. Cmwlth. 2000)). "Collateral estoppel acts to foreclose litigation in a later action of issues of law or fact that were actually litigated and necessary to a previous final judgment." *Id.* Collateral estoppel applies where: (1) the issue decided in the prior action is identical to the issue presented in the subsequent action; (2) a final judgment on the merits exists; (3) the party against whom preclusion is asserted was a party, or in privity with a party, to the prior action and had a full and fair opportunity to litigate the issue; and (4) the prior determination was essential to the judgment. *See Pucci v. Workers' Comp. Appeal Bd. (Woodville State Hosp.)*, 707 A.2d 646, 647-48 (Pa. Cmwlth. 1998).

Here, in both the current proceeding and *Tiano I*, the Court is presented with the same issues: whether Employer is entitled to subrogation from Claimant's third-party recovery following her non-motor vehicle work injury, and alternatively,

---

[8] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. *Commonwealth v. Workers' Comp. Appeal Bd. (Piree)*, 182 A.3d 1082, 1086 n.8 (Pa. Cmwlth. 2018).

whether Claimant is immune from subrogation due to her status as a government employee. *See* Claimant's Br. at 13-14; *Tiano I*, slip op. at 2. In *Tiano I*, this Court entered a final judgment on the merits that was essential to the judgment, as no judgment in Employer's favor could have been entered without first deciding that Employer was entitled to subrogation and that Claimant was not immune from subrogation as a government employee. Claimant had a full and fair opportunity to litigate these issues, first through administrative review, and then on appeal to this Court. The WCJ's remand calculations, which Claimant did not contest, were affirmed by the Board. Moreover, Claimant herself concedes that she is advancing the same issues here: "Claimant timely filed a Petition for Review with [this] Court in which she averred the same argument as in her prior Petition for Review." *See* Claimant's Br. at 12. Because there is a final judgment on the merits, and Claimant had a full and fair opportunity to litigate these same issues in a prior action, collateral estoppel bars her attempt to relitigate these claims. *See Henion*, 776 A.2d at 365; *Maranc*, 751 A.3d at 1199; *Pucci*, 707 A.2d at 647-48.

Accordingly, we affirm the Board.


**LORI A. DUMAS, Judge**

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Tiano,                                  :
                  Petitioner        :
                                :   No. 664 C.D. 2023
              v.                        :
                                :
City of Philadelphia (Workers'                  :
Compensation Appeal Board),                     :
                  Respondent        :

## **O R D E R**

AND NOW, this 3rd day of November, 2025, the order of the Workers' Compensation Appeal Board, entered June 14, 2023, is AFFIRMED.

 

 

**LORI A. DUMAS, Judge**