IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| PENNSYLVANIA STATE POLICE, | : | No. 14 WAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered October |
| | : | 26, 2016 at No. 2426 CD 2015, |
| v. | : | affirming the Order of the Workers' |
| | : | Compensation Appeal Board entered |
| | : | November 3, 2015 at No. A14-1335 |
| WORKERS' COMPENSATION APPEAL | : | |
| BOARD (BUSHTA), | : | ARGUED: October 18, 2017 |
| | : | |
| Appellee | : | |

## OPINION

**JUSTICE TODD**                           **DECIDED: MAY 29, 2018**

In this discretionary appeal, we consider whether Appellant, the Pennsylvania State Police ("PSP"), is entitled to subrogation of benefits that a trooper – who was injured in a motor vehicle accident – was eligible to receive under the Workers' Compensation Act ("WCA")[1] against the trooper's recovery from a third-party tortfeasor pursuant to the Motor Vehicle Financial Responsibility Law ("MVFRL").[2] For the reasons that follow, we conclude that PSP does not have a right of subrogation. Accordingly, we affirm the order of the Commonwealth Court.

---

[1] 77 P.S. §§ 1-1041.4, 2501-2708.
[2] 75 Pa.C.S. §§ 1701-1799.7.

As the instant appeal involves the interplay between three Pennsylvania statutes − the WCA, the Heart and Lung Act,[3] and the MVFRL, we first review the applicable language and background of these statutes. The WCA, which applies to both public and private employees, provides compensation to employees who suffer work-related injuries. Under the WCA, an employee who is totally disabled and experiences a complete loss of earning power is entitled to receive benefits in the amount of 66-2/3% of his or her average weekly wages. 77 P.S. § 511.

Under Section 319 of the WCA, benefits paid to an employee are subject to subrogation by his or her employer:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under [the WCA] by the employer.

77 P.S. § 671.

In contrast to the WCA's provision of partial wages to employees who are injured on the job, the Heart and Lung Act provides certain designated public employees, primarily police and fire personnel, who are injured in the course of their duties, with their *full* salary until their return to duty. Specifically, the Heart and Lung Act provides:

> any member of the State Police Force[:]
>                    * * *
> who is injured in the performance of his duties including, in the case of firemen, duty as special fire police, and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the Commonwealth of Pennsylvania if an employe identified under paragraph (1), (2), (3), (4), (5), (6), (7), (8) or (12) . . . his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased. All medical and hospital bills,

---

[3] 53 P.S. § 637.

incurred in connection with any such injury, shall be paid by the Commonwealth of Pennsylvania . . . . During the time salary for temporary incapacity shall be paid by the Commonwealth of Pennsylvania . . ., any workmen's compensation, received or collected by any such employe for such period, shall be turned over to the Commonwealth of Pennsylvania . . . and paid into the treasury thereof, and if such payment shall not be so made by the employe the amount so due the Commonwealth of Pennsylvania . . . shall be deducted from any salary then or thereafter becoming due and owing.

53 P.S. § 637(a)(1), (12).

As we explained in *City of Erie v. W.C.A.B. (Annunziata)*, 838 A.3d 598, 603 (Pa. 2003), the primary consideration in enacting the Heart and Lung Act was not the best interest of the disabled officer, but, rather, the interest of the municipality in attracting qualified individuals to hazardous occupations. While the Heart and Lung Act is thus often viewed as more generous than the WCA, the wages paid to an injured employee pursuant to the WCA may also include vacation and overtime pay. *Id.* Further, unlike the WCA, the Heart and Lung Act does not apply to work-related injuries which are permanent, and, while the WCA is to be liberally construed in favor of the injured employee, the Heart and Lung Act must be strictly construed. *Id.* at 604.

Finally, given that the Claimant's injury in this case was caused by a motor vehicle accident, the subrogation and recovery provisions of the MVFRL are implicated. Section 1720 provides:

§ 1720. Subrogation
In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits).

75 Pa.C.S. § 1720. Relatedly, Section 1722 provides:

> § 1722. Preclusion of recovering required benefits
> In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

75 Pa.C.S. § 1722.

Critically, in 1993, the legislature repealed both Sections 1720 and 1722 insofar as they pertained to WCA benefits, thus allowing for subrogation and recovery of such benefits. *See* Act of July 2, 1993, P.L. 190, No. 44, § 25(b) ("Act 44").[4] By the express language of Act 44, however, the legislature did not eliminate the prohibition on subrogation and recovery of Heart and Lung benefits. *See Oliver v. City of Pittsburgh*, 11 A.3d 960, 966 (Pa. 2011) ("By its plain terms, [Act 44] does not impact any anti-subrogation mandates pertaining to [Heart and Lung] benefits."). Indeed, in *Heller v. Pennsylvania League of Cities and Municipalities*, this Court recognized that the purpose of Act 44 was to transfer costs associated with work-related automobile accidents from the *workers' compensation system* back to the automobile insurance market. 32 A.3d 1213, 1127 (Pa. 2011). With this background in mind, we now turn to a discussion of the facts of the instant case.

---

[4] Act 44 provides: "The provisions of 75 Pa.C.S. §§ 1720 and 1722 are repealed insofar as they relate to workers' compensation payments or other benefits under the Workers' Compensation Act." Act of July 2, 1993, P.L. 190, No. 44, § 25(b).

On February 25, 2011, Pennsylvania State Trooper Joseph Bushta ("Claimant") was on duty when his police vehicle was hit by a tractor-trailer. As a result of the collision, Claimant suffered various cervical, thoracic, and lumbar injuries which required medical treatment and physical therapy, and which resulted in Claimant's inability to perform his job duties for approximately 16 months. On March 18, 2011, PSP, a self-insured public employer, issued a notice of compensation payable ("NCP") indicating a weekly compensation rate of $858.08 under the WCA. The NCP contained the following notation under the heading "Remarks": "Paid Salary continuation. Heart & Lung Benefits by the employer." Notice of Compensation Payable, 3/18/11, at 2.

On January 21, 2014, Claimant and his spouse entered into a Settlement and Indemnity Agreement and Release of all Claims ("Settlement Agreement") with the tractor-trailer driver, the driver's employer, and the other responsible parties (collectively, "third-party tortfeasors") for $1,070.000.[5] The Settlement Agreement provided, *inter alia*, that Claimant would "reimburse any lien holder, known or unknown, for any liens as a result of the . . . incident." Settlement Agreement, 1/21/14, at 1 ¶ 3 (Reproduced Record ("R.R.") at 43a). Claimant further acknowledged that he was "solely responsible for the payment of any medical bills, hospital liens, MedPay liens, worker[s'] compensation liens, attorney's fees, taxes, withholding and all other fees, costs and expenses they have incurred as a result of the Accident." *Id.* at 1 ¶ 6.

On February 4, 2014, PSP filed a petition to review compensation benefits pursuant to Section 771 of the WCA, asserting a right of subrogation against the

---

[5] Of this amount, $200,000 was apportioned to the Claimant's spouse's loss of consortium claim. Further, the contingent fee agreement between Claimant, his spouse, and their personal injury attorneys, Powell Law, provided that the firm would receive 33 1/3 % of the recovery, and that Claimant would be responsible for the costs incurred in connection with the prosecution of the third-party claim, which totaled $18,723.68.

proceeds of Claimant's settlement with the third-party tortfeasors under Section 319 of the WCA. On November 19, 2014, Claimant entered into a signed stipulation ("Stipulation") with PSP and PSP's third-party administrator, Inservco Insurance Services, Inc. ("Inservco"). The Stipulation indicated, in pertinent part, that, between the date of Claimant's injury on February 26, 2011 and the date he returned to work on June 3, 2012, Claimant had been paid $56,873.13 under the WCA. Stipulation, 11/19/14, at 2-3 ¶ 6 (R.R. at 110-11a). Notably, PSP concedes that Claimant never received any direct payment of benefits under the WCA, and that, instead, Inservco paid Claimant's wage loss benefits directly to PSP, thereby avoiding the need for Claimant to remit these benefits back to the Commonwealth, as would have been required under Section 637(a)(12) of the Heart and Lung Act. The Stipulation further indicated that Claimant had been paid $94,166.64 under the Heart and Lung Act, and medical benefits in the amount of $110,869.53. *Id.* Finally, the Stipulation contained an acknowledgement that the parties had executed a "Third Party Settlement Agreement calculation sheet," reflecting that PSP was entitled to reimbursement of a net lien in the amount of $109,021.32 based on the amount of WCA benefits and medical benefits paid by PSP; the lien asserted did not include $37,293.51 in wage loss benefits payable solely pursuant to the Heart and Lung Act. *Id.* at 3 ¶ 7. According to the Stipulation, after the deduction of litigation expenses and attorneys' fees, the total amount of PSP's lien against Claimant's recovery from the tortfeasors was $108,895.18. *Id.* However, as an alternative to litigation, PSP agreed to accept $98,895.18 as full payment of its lien. *Id.* at 3-4 ¶ 8. Nevertheless, the Stipulation specifically stated: "Claimant denies the existence of a lien given it is his contention that all benefits were paid pursuant to the terms of the Heart and Lung Act." *Id.* This stipulation was signed by PSP on

November 20, 2014, and, on December 2, 2014, it was approved by the Workers' Compensation Judge ("WCJ"), Howard Spitzer, and adopted as an order.

Significantly, approximately one week prior to the execution of the Stipulation, the Commonwealth Court, on November 13, 2014, issued its decision in *Stermel v. WCAB (City of Philadelphia)*, 103 A.3d 876 (Pa. Cmwlth. 2014). In *Stermel*, the claimant, a Philadelphia police officer, suffered a back injury that rendered him unable to work for 21 weeks when his police cruiser was rear-ended by a drunk driver. The employer, the City of Philadelphia, issued an NCP acknowledging that the claimant was entitled to workers' compensation payments, but indicating that "Claimant received salary continuation in lieu of PA Workers' compensation for period of lost time under the City of Philadelphia's Heart and Lung Act." *Id.* at 881. Subsequently, the claimant recovered $100,000 via a third-party tort claim against the drunk driver and the tavern that served the driver while he was visibly intoxicated. The employer sought subrogation of its payment of the claimant's medical bills and wage loss. In holding that the employer was entitled to subrogation, the Workers' Compensation Appeal Board ("Board"), relying on *Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Excalibur Insurance Management Service)*, 32 A.3d 291 (Pa. Cmwlth. 2011), and *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 621 A.2d 1111 (Pa. Cmwlth. 1993), determined that "two-thirds of the Heart and Lung disability benefits paid [to the claimant] represented workers' compensation benefits." *Stermel*, 103 A.3d at 881.

On appeal, the Commonwealth Court reversed and held that the employer was not entitled to subrogation of its payment of the claimant's medical bills and wage loss against the claimant's third-party tort recovery. In particular, the Commonwealth Court rejected the Board's reliance on *Excalibur Insurance* and *Wisniewski*, noting that neither

was a subrogation case involving the MVFRL. The Commonwealth Court observed that the anti-subrogation provision in Section 1720 of the MVFRL has been construed to include benefits paid under the Heart and Lung Act. *Stermel*, 103 A.3d at 885. The court further acknowledged that, while the legislature, through Act 44, expressly repealed both Sections 1720 and 1722 insofar as they pertained to subrogation of benefits under the WCA, the legislature did not eliminate the prohibition against subrogation of Heart and Lung benefits. Thus, the Commonwealth Court reasoned that the claimant "continued to be 'precluded' from recovering the amount of benefits paid under the Heart and Lung Act from the responsible tortfeasors," and that there can be no subrogation out of an award that does not include WCA benefits. *Id.*

In the instant case, on December 22, 2014, conceding that he was unaware of the *Stermel* decision at the time the Stipulation was signed, counsel for Claimant filed an appeal with the Board, asserting that all the benefits Claimant had received had been paid pursuant to the Heart and Lung Act, and, thus, under *Stermel*, were not subrogable. On November 3, 2015, the Board determined that, because *Stermel* was decided on November 13, 2014 − prior to the date PSP and Claimant signed the Stipulation − *Stermel* was controlling and Claimant was not bound by his lien-related concessions in the Stipulation, as they were based on an erroneous reading of the law by his counsel. Accordingly, the Board held the Stipulation was void as contrary to law, and reversed the WCJ's order adopting the Stipulation as an order.

PSP petitioned the Commonwealth Court for review of the Board's decision. In a unanimous published opinion authored by Judge Ann Covey, a three-judge panel of the court affirmed the Board's decision. *Pennsylvania State Police v. Workers' Compensation Appeal Board (Bushta)*, 149 A.3d 118 (Pa. Cmwlth. 2016). The court first agreed that, because *Stermel* was decided prior to the issuance of the WCJ's order

approving and adopting the Stipulation, and prior to Claimant's appeal to the Board, *Stermel* was controlling law at the time the Board decided Claimant's appeal, and, therefore, the Board did not err in applying *Stermel* to the instant case. *Id.* at 121.[6]

The Commonwealth Court further determined that, pursuant to *Stermel*, PSP was not entitled to subrogation of the lost wages paid to Claimant under the Heart and Lung Act from the proceeds of Claimant's settlement with the third-party tortfeasors. Additionally, the Commonwealth Court recognized that, while the court in *Stermel* appeared to limit its holding to lost wages, because the Heart and Lung Act requires payment of all medical expenses in addition to full salary, PSP could not recover from the proceeds of Claimant's settlement with the third-party tortfeasors any portion of the medical benefits paid to Claimant under the Heart and Lung Act.

PSP filed a petition for allowance of appeal, and this Court granted review to consider the following issues:

> (1) Is compensation payable pursuant to Article III of the [WCA], when the Claimant suffers a work related injury and is concurrently entitled to benefits under the [WCA] and the Heart and Lung Act?
>
> (2) Did the Commonwealth Court err in its determination that a self-insured municipality . . . is not entitled to subrogation, to the extent of the compensation payable pursuant to Article III of the [WCA], when it has concurrent obligations to an injured State Trooper under the [WCA] and the Heart and Lung Act?

*Pennsylvania State Police v. Workers' Compensation Appeal Board (Bushta)*, 168 A.3d 1260 (Pa. 2017) (order).

In its brief to this Court, PSP insists that it is not challenging this Court's determination in *Oliver* that, pursuant to the MVFRL, employers are precluded from

---

[6] This aspect of the Commonwealth Court's decision is not before us.

obtaining subrogation of payments made to a claimant under to the Heart and Lung Act. Rather, PSP maintains that, where an injured employee is entitled to concurrent benefits under the WCA and the Heart and Lung Act, the benefits to which the employee is entitled to under the WCA constitute "compensation payable" to which an employer has a right of subrogation. Moreover, PSP contends that an employer has a right of subrogation to "compensation payable" under the WCA regardless of whether the employer actually pays workers' compensation benefits to the claimant. Appellant's Brief at 18; 29 ("The issue is not the extent that the Claimant has received compensation under the [WCA], but rather the extent to which compensation is actually payable under the WCA on account of a work injury.").[7] Claimant responds that PSP's argument not only ignores the plain language of the Heart and Lung Act, the WCA, and the MVFRL, but also this Court's decision in *Oliver*, and the Commonwealth Court's decision in *Stermel*.[8]

As support for its position, PSP cites, *inter alia*, this Court's decision in *Annunziata*, wherein we held that "there is 'compensation payable' for wage loss benefits payable under the [WCA] even while the Claimant is receiving benefits under the Heart and Lung Act." Appellant's Brief at 22. According to PSP, the language of Section 637(a) of the Heart and Lung Act, which requires that any workers' compensation benefits received or collected by an employee who is receiving Heart and Lung benefits shall be turned over to the Commonwealth, further supports the proposition that compensation is payable under the WCA and the Heart and Lung Act concurrently. *Id.* at 17. In PSP's view, the legislature would not require employers to

---

[7] The Delaware Valley Workers' Compensation Trust has submitted an *amicus* brief in support of PSP.

[8] The Pennsylvania Association for Justice and Patricia Hodge, a named plaintiff in a class action suit involving individuals subjected to subrogation liens for Heart and Lung benefits, have filed *amicus* briefs in support of Claimant.

provide concurrent workers' compensation benefits to an employee who is receiving Heart and Lung benefits without affording the employer corresponding rights under the WCA − namely, the employer's right to subrogation of the "compensation payable" under the WCA. *Id.* at 19.

Moreover, in arguing that an employer has a right of subrogation to "compensation payable" under the WCA − regardless of whether the employer actually paid benefits to the claimant − PSP suggests that, if there is no "compensation payable" under such circumstances, there would be no basis for an award of counsel fees to an attorney for a claimant who is also receiving Heart and Lung benefits. *See Organ v. Pennsylvania State Police*, 535 A.2d 713 (Pa. Cmwlth. 1988). PSP also posits that an employer must be afforded a right to subrogation of compensation payable under the WCA, whether or not benefits are actually paid by the employer, in order for the WCJ to have jurisdiction to rule on petitions involving a claimant who is receiving benefits under the Heart and Lung Act. Appellant's Brief at 21.

PSP is correct in its observation that this Court has held that a claimant may be entitled to concurrent benefits under the WCA and the Heart and Lung Act. In *Annunziata*, the claimant, a police officer for the City of Erie, was injured while on duty and received his full salary pursuant to the Heart and Lung Act. The claimant also sought workers' compensation benefits for his loss of earning power with respect to his concurrent, supplemental employment as a part-time security guard and a part-time maintenance worker. In denying an obligation to pay workers' compensation benefits, the city argued that the clear language of the Heart and Lung Act precluded the claimant from recovering from a collateral source benefits for the same work injury, even if the benefits relate to concurrent employment. This Court rejected that

argument, and determined that the claimant was entitled to seek workers' compensation for his concurrent employment, reasoning:

> [t]he unambiguous language of Section 1(a) of the Heart and Lung Act . . . clearly contemplates the ability of an injured employee to seek workers' compensation. That section provides that any workmen's compensation received or collected by [the employee for the period of injury] shall be turned over. . . . 53 P.S. 637(a) (emphasis added). . . . This language does not estop an injured employee from seeking workers' compensation, only from retaining monies collected pursuant to a workers' compensation Claim Petition. While the effect of this dichotomy may ultimately be rendered hollow by the set-off, . . . nonetheless the Heart and Lung Act does not relieve the employer from its 'continuing obligations to pay workers' compensation benefits for the work injury.' Likewise, nothing in the [WCA] eliminates the responsibility of an employer to pay workers' compensation to an injured employee who is receiving Heart and Lung Benefits. . . . [The employer's] obligation to pay Heart and Lung benefits "is concurrent with, not in lieu of its obligation" pursuant to the workers' compensation scheme.

*Annunziata*, 838 A.2d at 604-05 (emphasis and some citations omitted).

However, although we recognized in *Annunziata* that an injured employee who is receiving benefits under the Heart and Lung Act may seek benefits under the WCA for concurrent employment, we stressed that our decision "should not be read to imply that an injured employee can, in good faith, seek workers' compensation benefits for the same job that gives rise to Heart and Lung benefits." *Id.* at 606 n.8. Moreover, we cautioned that, while a claimant who is receiving Heart and Lung benefits may "*seek and receive* worker's compensation benefits for concurrent employment," the Heart and Lung Act requires the employee to turn over to the employer all workers' compensation benefits "received or collected." *Id.* at 605-06 (emphasis original). It follows that, in cases where the employee does not actually *receive or collect* workers' compensation benefits, such as in the instant case, there is no basis for subrogation.

Similarly, in *Organ*, the claimant, who was the recipient of benefits under both the Heart and Lung Act and the WCA, challenged a salary deduction of 20% of his WCA benefits that were paid directly to his attorney. The remaining 80% of the WCA benefits was paid to the employer, as required under the Heart and Lung Act. Noting that the claimant "never actually received the portion of the workmen's compensation benefits paid directly to his attorney," the Commonwealth Court held that portion was not subject to recovery by the Commonwealth. 535 A.2d at 714. Thus, neither this Court's decision in *Annunziata*, nor the Commonwealth Court's decision in *Organ*, supports PSP's argument that an employer is entitled to subrogation of workers' compensation benefits which are "payable," but not actually paid, to an employee.

Notwithstanding the above, PSP argues that, pursuant to *Wisniewski* and *Excalibur Insurance*, a portion of the benefits *actually paid* to Claimant pursuant to the Heart and Lung Act in the instant case do, in fact, constitute workers' compensation benefits to which PSP has a right of subrogation. In *Wisniewski,* the claimant was a police officer who was injured on the job, and her self-insured employer issued an NCP indicating the claimant's weekly disability rate, and further noting that she was receiving her full salary under the Heart and Lung Act. Thereafter, the employer filed a termination petition based on the claimant's full recovery, and the petition was granted. The claimant appealed, arguing that there could be no termination of workers' compensation benefits because she had never actually received them; rather, she had received her full salary under the Heart and Lung Act. The Commonwealth Court held that, where a self-insured employer pays Heart and Lung benefits, two-thirds of those payments represent workers' compensation benefits, and, therefore, the employer could seek termination of workers' compensation benefits even while Heart and Lung benefits continued.

*Excalibur Insurance* also involved a police officer who was injured on the job. His self-insured employer acknowledged liability under the WCA, but paid the claimant his full salary under the Heart and Lung Act. Subsequently, the employer filed a termination petition and requested supersedeas, which was denied. Ultimately, the termination was granted and the employer sought reimbursement from the supersedeas fund. The Bureau of Workers' Compensation opposed the request, arguing that only Heart and Lung benefits were paid. Relying on *Wisniewski* for the proposition that 2/3 of the benefits received by an employee from a self-insured employer who is obliged to pay benefits under both the Heart and Lung Act and the WCA represent workers' compensation benefits, and reasoning that it would be inequitable to treat a self-insured employer differently than a third-party insurer, the Commonwealth Court held that the employer was entitled to reimbursement from the supersedeas fund for the portion of the Heart and Lung benefits paid in lieu of workers' compensation benefits. 32 A.3d at 295.

PSP argues that the Commonwealth's Court's decision below effectively extinguishes an employer's subrogation rights to workers' compensation benefits by classifying all benefits received by an injured public employee as Heart and Lung benefits, in contravention of *Wisniewski* and *Excalibur Insurance.* However, we note that PSP's argument is the same argument made by the Board in *Stermel*, which was rejected by the Commonwealth Court:

> *Wisniewski* and *Excalibur Insurance* are not subrogation cases. *Wisniewski* terminated the employer's liability for workers' compensation, but it also held that the employer had to pay the claimant full Heart and Lung benefits unless and until those benefits were terminated in another proceeding. Stated otherwise, *Wisniewski* expressly acknowledged that Heart and Lung benefits and workers' compensation benefits are subject to different statutory regimes. *Excalibur Insurance* dealt with the employer's right

> to recoup from the supersedeas fund. In both cases, the Court decided the issues solely under the [WCA]. In neither case was the [MVFRL] implicated.
>
> By contrast, this case does involve the [MVFRL], and it prohibits a plaintiff from including as an element of damages payments received in the form of workers' compensation or other "benefits paid or payable by a program . . . or other arrangement." 75 Pa.C.S. § 1720. This language "benefits paid or payable by a program" has been construed to include the program by which Heart and Lung benefits are paid. *Fulmer [v. Pennsylvania State Police*, 647 A.2d 616, 618-19 Pa. Cmwlth. 1994)]. Section 25(b) of Act 44 changed the Section 1720 paradigm only for workers' compensation benefits, not Heart and Lung benefits. This means Claimant continued to be "precluded" from recovering the amount of benefits paid under the Heart and Lung Act from the responsible tortfeasors. 75 Pa.C.S. § 1722. There can be no subrogation out of an award that does not include [workers' compensation benefits]. Likewise, because the tort recovery cannot, as a matter of law, include a loss of wages covered by Heart and Lung benefits, Claimant did not receive a double recovery of lost wages or medical bills.

103 A.3d at 884-85.

PSP ignores the fact that, like *Stermel*, the instant case is distinguishable from *Wisniewski* and *Excalibur Insurance* because it involves the MVFRL. Indeed, here, as in *Stermel*, Claimant was precluded from recovering his lost wages and medical benefits from the tortfeasors under the MVFRL because Claimant's wages and medical benefits were fully covered by the Heart and Lung Act. We agree with the *Stermel* court that, for purposes of the MVFRL, Heart and Lung benefits subsume WCA benefits, and thus subrogation of such benefits is barred.

Nevertheless, PSP argues that *Stermel* should be "limited solely to those instances where there was no actual evidence offered showing what amount of 'compensation payable' the employer actually remitted based upon the obligations imposed under the [WCA]." Appellant's Brief at 27. Specifically, PSP highlights that the

NCP in *Stermel* indicated that the claimant's Heart and Lung benefits were being paid "in lieu of workers' compensation," whereas the NCP in the instant case contained no such provision. *Id.* at 33. PSP further contends that the evidence it submitted demonstrating that all medical bills were paid after "re-pricing" "means that all medical bills were paid pursuant to the [WCA] and comprised the compensation payable for medical benefits . . . under the WCA." *Id.* at 34.[9]

PSP offers no support for its suggestion that, because the NCP issued to Claimant identified a weekly compensation rate of $858.08 under the WCA, and did not specifically provide that the Heart and Lung benefits provided to Claimant were *in lieu of* workers' compensation benefits, the benefits provided to Claimant must be considered, at least in part, WCA benefits for the purposes of the MVFRL anti-subrogation provision. As recognized in *Stermel*, self-insured public employers, such as PSP, that pay Heart and Lung benefits

> do not also make workers' compensation payments because they would simply be returned. *Wisniewski*, [621 A.3d at 113]. Nevertheless, self-insured employers paying Heart and Lung benefits issue a notice of compensation payable to acknowledge the work injury. *See City of Philadelphia v. Workers' Compensation Appeal Board (Ford-Tilghman)*, 996 A.2d 569, 573 (Pa. Cmwlth. 2010).

*Stermel*, 103 A.3d at 877-78. We find no basis upon which to conclude that a mere acknowledgement in an NCP of a work injury, and the specification of the amount of

---

[9] Consistent with Act 44's goal of cost containment, the legislature enacted Section 306(f.1)(3) of the WCA, which limits the amount a health care provider may charge or accept as payment for health services to 113% of the prevailing charge payable by Medicare. *See* 77 P.S. § 531(3)(i); *Jaquay v. Workers' Compensation Appeal Board (Central Property Services)*, 717 A. 1075, 1077 (Pa. Cmwlth. 1998) (noting that the General Assembly enacted 306(f.1)(3) of the WCA in an attempt to contain "the escalating medical costs to employers in workers' compensation cases").

benefits to which an injured employee would be entitled under the WCA, transforms an injured employee's Heart and Lung benefits into WCA benefits under the MVFRL.

Finally, we reject PSP's suggestion that, because Claimant's medical bills were paid using the "re-pricing" formula set forth in the WCA, such medical payments constitute compensation payable under the WCA. As the Commonwealth Court recognized below, the Heart and Lung Act provides for the payment of "[a]ll medical and hospital bills, incurred in connection with any such injury." 53 P.S. § 637(a)(12). Further, in *Oliver*, this Court explained that the Heart and Lung Act:

> applies to protect employees serving the public in essential, high-risk professions. The design is to insure that, if they are temporarily disabled in the performance of their duties, these critical-services personnel do not suffer salary losses *or incur the expense of medical care and treatment.* 53 P.S. § 637(a); *see, e.g.,* [*Annunziata*, 838 A.2d 603-04 & n.6]. Although the WCA also embodies a similar remedial scheme, the [Heart and Lung Act's] more favorable treatment of public-safety employees who are temporarily disabled suggests against treating an overlap as an equivalency.

*Oliver*, 11 A.3d at 966 (emphasis added). Payment of a claimant's medical care and treatment is required under the Heart and Lung Act, and, regardless of the pricing schedule utilized, such payment constitutes a Heart and Lung benefit.

For all of the foregoing reasons, we conclude that all of the benefits Claimant received were Heart and Lung benefits, not WCA benefits. Thus, pursuant to the MVFRL, PSP does not have a right of subrogation against Claimant's settlement with the third-party tortfeasors. Accordingly, we affirm the order of the Commonwealth Court.

Order affirmed.

Chief Justice Saylor and Justices Baer, Donohue, Dougherty, Wecht and Mundy join the opinion.