# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Alpini,                         :
                                            :
                    Petitioner    :
                                            :
            v.                              :  No. 92 C.D. 2020
                                            :  Submitted:  August 28, 2020
Workers' Compensation Appeal      :
Board (Tinicum Township),                   :
                                            :
                    Respondent :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                             FILED:  July 19, 2021


            Christopher Alpini (Claimant) petitions for review of the order of the
Workers' Compensation Appeal Board (Board), which affirmed in part and reversed
in part the order of a workers' compensation judge (WCJ) that granted Tinicum
Township's (Employer) Petition for Modification of Benefits.  The issue on appeal
is whether Employer is entitled to subrogation against Claimant's third-party
settlement arising from his injuries.  We affirm.

            The facts of this case are not in dispute.  Claimant was employed as a
police officer by Employer.  On April 17, 2011, Claimant sustained work-related
injuries when a vehicle operated by Steven Warrington, who was intoxicated, struck

Claimant's patrol car while he was on duty. Claimant suffered injuries to his spine, ribs, and pelvis for which he continues to receive treatment.

Employer made payments to Claimant under the act commonly known as the Heart and Lung Act.[1] Employer also issued a Notice of Temporary Compensation Payable, which converted by operation of law to a Notice of Compensation Payable (NCP) under the Workers' Compensation Act (Act).[2] Claimant appeared regularly at Employer's office to sign over the workers' compensation payments to Employer as required by the Heart and Lung Act.

Claimant filed suit against the third parties responsible for the accident. Claimant sued Steven Warrington (Driver) for negligence, which caused the accident under the Motor Vehicle Financial Responsibility Law (MVFRL).[3] Claimant also sued Sue-Deb, Inc. d/b/a Jimmy D's and 500 Jansen Inc. d/b/a Lou Turks (collectively, Tavern Owners), alleging that they served Driver alcohol while he was visibly intoxicated, in violation of Section 493(1) of the Liquor Code,[4]

---

[1] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§637-638. The Heart and Lung Act entitles certain enumerated state and local public safety personnel to receive benefits in the full amount of their salary when they are injured in the performance of their duties rendering them temporarily unable to work. *See* Section 2 of the Heart and Lung Act, 53 P.S. §637

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[3] 75 Pa. C.S. §§1701-1799.7.

[4] Act of April 12, 1951, P.L. 90 *as amended*, 47 P.S. §4-493(1). Section 493(1) provides in relevant part,

> It shall be unlawful--
>
> (1) Furnishing Liquor or Malt or Brewed Beverages to Certain Persons. For any licensee, or any employe, servant or agent of such licensee or of the board, or any other person to sell, furnish or give

**(Footnote continued on next page…)**

commonly referred to as the Dram Shop Act. Reproduced Record (R.R.) at 160a-176a. On September 16, 2013, Claimant and his wife signed a General Release Settlement (Settlement Agreement) of the claim for the total amount of $1,325,000.00. The Settlement Agreement delineated the amounts due as $25,000.00 from Driver and his insurer, Peerless Indemnity Insurance Company, $375,000.00 from Lou Turks, and $925,000.00 from Jimmy D's. R.R. at 177a-179a. Claimant's net recovery was $871,814.00 after deductions were made for attorney's fees in the amount of $435,906.00 and legal costs in the amount of $17,280.00. R.R. at 180a-182a.

Employer filed a Modification Petition with the WCJ seeking subrogation from Claimant's third-party recovery from the Tavern Owners only. Employer, through its insurance carrier, asserted a lien of $364,024.60, comprised of $186,063.41 in indemnity benefits and $177,961.19 in medical benefits. The WCJ granted Employer's Modification Petition, from which both Claimant and Employer appealed. The Board affirmed the WCJ's decision, and remanded the matter to the WCJ to determine the method by which Employer would be permitted to recoup its lien.[5]

On remand, in an order dated August 7, 2018, the WCJ found Employer met its burden to establish that it had a subrogable interest in Claimant's third-party settlement with the Tavern Owners. The WCJ concluded that Employer was entitled

---

any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated. . . .

[5] Claimant appealed the Board's order to this Court, which dismissed the appeal as interlocutory and directed the Board to remand the matter to the WCJ to determine the method by which Employer could recoup its lien. *See Alpini v. Workers' Compensation Appeal Board (Tinicum Township)* (Pa. Cmwlth., No. 2019 C.D. 2016, filed March 23, 2017) (order granting Employer's motion to dismiss the petition for review as an appeal from an interlocutory order).

3

to a net recovery of $341,319.93. Because the balance of Claimant's third-party recovery exceeds Employer's lien amount, the WCJ concluded that Employer was also entitled to an appropriate grace period against future payments of medical and indemnity payments, subject to Employer's pro rata payment of fees and costs, until such time that the balance of Claimant's third-party recovery is exhausted. Based on this finding, the WCJ calculated that Employer must pay $297.38 weekly, the pro rata share, or 34.66%, of Claimant's weekly total disability rate of $858.00.

Claimant then appealed to the Board. In a decision dated January 15, 2020, the Board affirmed in part and reversed in part the WCJ. The Board affirmed the WCJ's decision granting Employer's subrogation rights against the Tavern Owners, based on *Stermel v. Workers' Compensation Appeal Board (City of Philadelphia)*, 103 A.3d 876 (Pa. Cmwlth. 2014). On the issue of subrogation against the Tavern Owners, the Board reiterated its conclusion from its earlier decision, as follows:

> There appears to be no dispute that Claimant's theory of recovery against the two taverns was the Dram Shop Act, not the MVFRL. Unlike the MVFRL, the Dram Shop Act does not speak to subrogation or workers' compensation benefits. We conclude that [Employer] has the right to subrogation of Claimant's Heart and Lung benefits from the settlement of his third[-]party action against the two taverns, as this settlement was based on the Dram Shop Act and not the MVFRL.

Board Opinion dated January 15, 2020, at 3 (footnote omitted).

The Board reversed the WCJ's decision granting Employer the ability to reduce future workers' compensation weekly payments to account for future medical costs, based on *Whitmoyer v. Workers' Compensation Appeal Board (Mountain Country Meats)*, 186 A.3d 947 (Pa. 2018). The Board cited to the holding

4

in *Whitmoyer* that the employer may not seek reimbursement for future medical expenses from the employee's balance of recovery. *Id.* at 958. Board Opinion dated January 5, 2020, at 7. The Board then concluded:

> the WCJ erred in awarding [Employer] a credit against future payment of medical benefits. [Employer] was entitled to be reimbursed for indemnity and medical benefits paid up to the date of the third[-]party settlement, and is entitled to a credit against future payments of indemnity benefits, but not for future medical expenses.

Board Opinion dated January 15, 2020, at 8. Claimant then appealed to this Court.[6]

The statutes relevant to the subrogation issue presented here are as follows. First, Section 319 of the Act entitles Employer to subrogation of workers' compensation payments paid to Claimant from settlement of third-party claims, prorated to account for reasonable attorney's fees and costs incurred in obtaining settlement.[7] Second, because Claimant's third-party settlement involved a motor

---

[6] This Court's scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. *Commonwealth of Pennsylvania v. Workers' Compensation Appeal Board (Piree)*, 182 A.3d 1082, 1086 n.8 (Pa. Cmwlth. 2018).

[7] Section 319 of the Act states in relevant part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe. . . . The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement.

**(Footnote continued on next page…)**

5

vehicle accident, Sections 1720 and 1722 of the MVFRL are also relevant. Section 1722 precludes Claimant from recovering the amount of workers' compensation benefits in any action for damages against a tortfeasor or in any uninsured or underinsured motorist proceeding "arising out of the maintenance or use of a motor vehicle."[8] Section 1720 provides that Employer has no right of subrogation from Claimant's third-party recovery in an action "arising out of the maintenance or use of a motor vehicle."[9] Although Sections 1720 and 1722 were expressly repealed in 1993 through the Act of August 31, 1993, P.L. 190, commonly referred to as Act 44, insofar as they pertained to workers' compensation benefits, the legislature did not eliminate the prohibition against subrogation of Heart and Lung benefits.[10]

Several decisions are also relevant to the subrogation issue presented here. In *Stermel*, this Court was presented with the question of whether the City of Philadelphia was entitled to recover a portion of the Heart and Lung benefits that it

---

77 P.S. §671.

[8] 75 Pa. C.S. §1722. Section 1722 of the MVFRL states in relevant part:

> In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation. . . shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation. . . .

[9] 75 Pa. C.S. §1720. Section 1720 of the MVFRL states in relevant part: "In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits . . . ."

[10] *See Piree*, 182 A.3d at 1088-89.

6

paid to its police officer from the officer's settlement of his third-party tort claim. In *Stermel*, a police officer sustained injuries when a drunk driver rear ended his police cruiser while it was parked along the side of the road for a traffic stop. The City of Philadelphia, which is self-insured for workers' compensation purposes, issued an NCP accepting liability for the injuries and also paid Heart and Lung benefits to the officer. The police officer pursued a third-party tort claim against the driver and a claim against the tavern that served the driver alcohol when he was visibly intoxicated. The police officer recovered a total of $100,000.00 from both tortfeasors. The settlement was not broken down into components and did not include the amounts representing either workers' compensation benefits or Heart and Lung benefits paid by the City of Philadelphia. The City of Philadelphia sought subrogation rights against the officer's third-party tort settlement to recoup Heart and Lung benefits, arguing that part of these benefits represented workers' compensation benefits. This Court held:

> Simply, Section 1722 of the [MVRFL] did not allow [the officer] to recover loss of wages from the tortfeasor defendants because they were covered by the Heart and Lung Act. The record does not disclose the elements of the $100,000 [the officer] received from the tortfeasor. As a matter of law, however, it was net of his Heart and Lung benefits.

*Stermel*, 103 A.3d at 885.

In *Pennsylvania State Police v. Workers' Compensation Appeal Board (Bushta)*, 184 A.3d 958 (Pa. 2018), our Supreme Court considered subrogation rights when a state trooper was injured in a motor vehicle accident and recovered damages from a third-party tortfeasor under the MVFRL. In *Bushta*, a state trooper suffered numerous injuries when his police vehicle was hit by a tractor trailer. The State

Police, self-insured for workers' compensation purposes, issued an NCP, which included a notation stating, "Paid Salary continuation. Heart & Lung benefits by the employer." *Id*. at 962. The state trooper and his spouse sued the truck driver, the driver's employer, and other responsible parties for negligence under the MVFRL, for which they received a settlement. The State Police argued that because workers' compensation benefits were payable, if not actually paid, to the injured state trooper, it should be entitled to subrogation of benefits from the state trooper's third-party settlement. The Supreme Court affirmed the decision of this Court, holding that the State Police were not entitled to subrogation for benefits paid under the Heart and Lung Act. *Id*. at 969.

In this case, Claimant argues that the Board erred in granting Employer's subrogation of a proportional amount of his recovery because his third-party settlement concerned a motor vehicle accident. Claimant suggests that the facts of *Stermel* and *Bushta* apply squarely to this case, and, therefore, bar Employer's subrogation rights against Heart and Lung benefits Claimant received as a result of a motor vehicle accident. Claimant believes that the Board incorrectly interpreted and distinguished *Stermel*, in which the third-party settlement was not broken down into components and did not include the amount representing workers' compensation and Heart and Lung benefits. Claimant argues that his settlement does not break down what portion of the settlement is allocated to a particular claim and, therefore, *Stermel* should govern to prevent subrogation. Claimant further argues the Board erred in not addressing *Bushta*, which he argues should also act to bar subrogation in this case.

Employer responds that the Board properly applied *Stermel* and *Pennsylvania State Police*. Employer argues that it is entitled to subrogation for

8

Claimant's third-party recovery for the amounts attributable only to the Tavern Owners' violations of the Dram Shop Act. Employer did not seek subrogation for Claimant's recovery attributable to Driver for negligence under the MVFRL. Employer argues that the Tavern Owners' liability was a separate theory of recovery from Driver's, and that the recovery was specifically apportioned among the tortfeasors. As such, the MVFRL subrogation restrictions for damages or recovery "arising out of the maintenance or use of a motor vehicle" do not apply to damages or recovery arising out of negligence under the Dram Shop Act.

We hold the Board did not err as a matter of law when it decided that Employer could subrogate payments made under the Act and the Heart and Lung Act from Claimant's third-party settlement stemming from Dram Shop Act liability. Claimant's complaint against the tortfeasors clearly sought damages from Driver under the MVFRL and from the Tavern Owners under the Dram Shop Act. R.R. at 160a-176a. The Settlement Agreement specifically described the amounts allocated to Driver and to the Tavern Owners. *Id.* at 177a-179a. Neither Claimant's third-party complaint nor the Settlement Agreement sought to impose liability on the Tavern Owners for negligence arising from *their* use of a motor vehicle, but rather because they served Driver while visibly intoxicated. Driver then caused the auto accident injuring Claimant. Employer did not seek subrogation from the portion of the third-party settlement attributable to Driver's negligence under the MVFRL, and that amount correctly remains unavailable for subrogation. Although Claimant's recovery generally concerned or involved the use of a motor vehicle, the Tavern Owners' liability did not arise from the use of a motor vehicle, but from their negligence in serving alcohol to a visibly intoxicated patron. As the MVFRL, *Stermel*, and *Bushta* make clear, when a third-party settlement or recovery arises

9

from the use of a motor vehicle, Employer may not seek subrogation for workers' compensation benefits paid or Heart and Lung Act reimbursement. Those restrictions do not apply to recovery under a different cause of action not arising under the MVFRL.

Claimant also argues the Board erred when it applied *Whitmoyer* to the issue of calculating Employer's credit against future indemnity benefits. Claimant argues that because *Whitmoyer* did not involve Heart and Lung benefits, the MVFRL, or a motor vehicle accident, the Board erred in applying *Whitmoyer's* holding to this case. Employer responds that Claimant's objections to the application of *Whitmoyer* are mistaken because the MVFRL is not applicable to the Dram Shop Act recovery.

In *Whitmoyer*, our Supreme Court held that when an employer is entitled to a lien against a third-party recovery, the lien must be calculated at the time of settlement, and that the employer is permitted a credit against future indemnity benefits but not against future medical benefits. *Whitmoyer*, 186 A.3d at 957-958. The Supreme Court analyzed Section 319 of the Act, and held "the General Assembly intended the excess recovery to be paid to the injured employee and to be treated as an advance payment only on account of any future disability payments." *Id*. at 957. The Supreme Court further held that Section 319 of the Act requires the employer to pay that proportion of attorney's fees and costs that the amount of compensation paid or payable at the time of recovery or settlement bears to the total third-party recovery or settlement. *Id*.

In this case on remand, the WCJ directed how Employer would be permitted to recoup the lien amount and then calculated the proportional reduction of future indemnity and medical benefits. On appeal, the Board specifically found

10

the WCJ erred in including future medical benefits beyond the date of settlement in its calculations, concluding that *Whitmoyer* governed. "As such, we reverse the portion of the WCJ's Decision and Order granting [Employer] a credit against future payment of medical benefits from Claimant's balance of recovery." Board Opinion dated January 15, 2020, at 8. Claimant's argument that *Whitmoyer* does not apply to this case is misplaced. Claimant is correct that *Whitmoyer* did not involve Heart and Lung benefits, the MVFRL, or a motor vehicle accident. However, *Whitmoyer* is applicable to this case on the issue of whether a lien against a third-party settlement shall include a credit for future indemnity benefits <u>and</u> future medical benefits. *Whitmoyer* held an employer is entitled to a credit against a third-party settlement for future indemnity benefits and not for future medical benefits, as required by Section 319 of the Act. As Employer points out, *Whitmoyer* was decided while this case was pending before the Board, hence the Board's exclusion of future medical benefits from the calculation is proper.

Claimant further argues that if the Court concludes that Employer is entitled to subrogation, and even if *Whitmoyer* applies, the Board affirmed an incorrect subrogation amount. Employer responds Claimant failed to question the subrogation amount before the WCJ and the Board. The Board addressed this issue and found that Claimant waived it by not presenting specific argument or calculations to either the WCJ or to the Board. The Board concluded:

> We acknowledge that Claimant generally argues that the WCJ erred in considering incorrect calculations on the third[-]party settlement agreement. Claimant has not articulated which calculations were incorrect or how they were incorrect, and has not further developed this issue in his brief. Therefore, we do not address it further.

Board Opinion dated January 15, 2020, at 6, n.8.

11

After careful review, we agree that Claimant failed to present or preserve the issue of the recalculation of benefits, and, therefore, the issue is waived. The record reveals Claimant did not present this issue to the WCJ or to the Board, raising it for the first time in his brief filed with this Court. An issue will be considered waived if a party fails to provide specific evidence below, so that the agency can consider it and make an appropriate finding. A party may not raise an issue for the first time on appeal to this Court, as we are limited to reviewing the record made below. The law is clear that failure to raise an issue on appeal to the Board constitutes a waiver of that issue.[11]

For the foregoing reasons, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[11] *See Fiorentino v. Workmen's Compensation Appeal Board (Concrete Industries, Inc.)*, 571 A.2d 554, 556 (Pa. Cmwlth. 1990) (the mere filing of an appeal does not preserve issues that are not specifically raised); *see also* 34 Pa. Code §111.11(a)(2) (which states that "[g]eneral allegations which do not specifically bring to the attention of the Board the issues decided are insufficient").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Alpini,           :
                                 :
           Petitioner   :
                                 :
        v.                : No. 92 C.D. 2020
                                 :
Workers' Compensation Appeal  :
Board (Tinicum Township),     :
                                 :
          Respondent : 

# **O R D E R**

AND NOW, this 19th day of July, 2021, the order of the Workers' Compensation Appeal Board dated January 15, 2020, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge