IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle D. Epps,                        :
                         Petitioner      :
                                         :
         v.                              :
                                         :
City of Philadelphia (Workers'           :
Compensation Appeal Board),              :    No. 835 C.D. 2023
                         Respondent      :    Submitted: June 6, 2024

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                              FILED: July 8, 2024


         Michelle D. Epps (Claimant) petitions for review from the July 7, 2023,
decision and order of the Workers' Compensation Appeal Board (Board), which
affirmed the December 29, 2022, decision and order of the Workers' Compensation
Judge (WCJ).  The WCJ granted the modification petition filed by the City of
Philadelphia (Employer), which changed Claimant's benefit status from temporary
total disability (TTD) to temporary partial disability (TPD) based on a December 16,
2021, impairment rating evaluation (IRE).  Upon review, we affirm.


                    **I.  Factual & Procedural Background**

         Claimant sustained a disabling work-related injury to her left knee on
January 26, 2010.  Reproduced Record (R.R.) at 13a.  In February 2010, Employer
issued a Notice of Compensation Payable (NCP) accepting Claimant's injury.  *Id.*
Claimant initially received salary continuation benefits under the Heart and Lung

Act,[1] which converted to weekly TTD benefits of $830.17 once Claimant's injury was considered permanent and her Heart and Lung benefits expired.[2] *Id*.

On December 16, 2021, Claimant underwent an IRE with Dr. Lucian Bednarz, M.D. R.R. at 13a. Using the Sixth Edition of the American Medical Association's IRE Guides (AMA Guides), Dr. Bednarz determined that Claimant had reached maximum medical improvement (MMI) and had an impairment rating of 1%, well below the 35% needed to retain her TTD status pursuant to Act 111,[3] which restored the IRE process to workers' compensation proceedings in Pennsylvania after it had been invalidated as an unconstitutional delegation of legislative authority to the AMA in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017).

On January 28, 2022, Employer filed a modification petition based on the December 2021 IRE. R.R. at 13a. Employer sought to modify Claimant's benefit status from TTD, which is ongoing, to TPD, which is limited to 500 weeks pursuant to Section 306(b) of the Workers' Compensation Act (Act),[4] 77 P.S. § 512(1). *Id*. Dr. Bednarz testified to his findings in a deposition, which the WCJ accepted as credible. *Id*. at 14a. Claimant's counsel declined to present evidence on

---

[1] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-38.

[2] If a claimant's injury is deemed permanent, he or she will no longer be eligible for Heart and Lung benefits. *Pa. State Police v. Workers' Comp. Appeal Bd. (Bushta)*, 184 A.3d 958, 961 (Pa. 2018). The record does not indicate when that occurred here.

[3] Act of October 24, 2018, P.L. 714, No. 111.

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

the modification, instead asserting an intent to proceed with arguments challenging the constitutionality of Act 111. Certified Record (C.R.) at 50.[5]

In a December 29, 2022, decision and order, the WCJ granted Employer's modification petition and modified Claimant's benefit status from TTD to TPD as of the December 16, 2021, IRE. R.R. at 14a-16a. The WCJ noted that Claimant had raised and preserved her constitutional arguments. *Id*. at 14a-15a. In a July 7, 2023, decision and order, the Board affirmed. *Id*. at 30a-37a. The Board confirmed that Claimant had raised and preserved her constitutional arguments but stated that it lacked jurisdiction to rule on the constitutionality of Act 111. *Id*. at 34a. Claimant timely appealed to this Court. *Id*. at 109a-13a.

## II. Issues

Claimant raises two constitutional challenges to Act 111, which we have reordered. Claimant first asserts that Act 111 is facially unconstitutional as it failed to cure the delegation issue in the former version of the Act's IRE provisions, which our Supreme Court invalidated in *Protz*. Claimant's Br. at 35-39. Claimant also avers that Act 111 is unconstitutional as applied in her case because her 2010 injury occurred prior to its October 2018 effective date and it retroactively negates her previously vested rights in continuing benefits without Employer having to establish that her disability, or lack of earning power, has lessened or ceased. *Id*. at 11-34. Claimant argues that this violates the due process principles in the United States and Pennsylvania Constitutions and the "due course of law" (Remedies Clause) principles in the Pennsylvania Constitution.[6] *Id*.

---

[5] Certified record references reflect electronic pagination.

[6] U.S. Const. amend. XIV; Pa. Const. art I, § 1; Pa. Const. art. I, § 11.

3

### III. Discussion

### A. Delegation of Legislative Authority in Act 111

In *Protz*, our Supreme Court concluded that the Act's previous IRE provisions improperly delegated legislative authority to the AMA, a private entity, in violation of article II, section 1 of the Pennsylvania Constitution, Pa. Const. art. II, § 1, "without also providing adequate criteria to guide and restrain the exercise of the delegated authority." 161 A.3d at 837-39. Whereas the previous IRE provisions specified that IREs were to be conducted in accordance with the "most recent edition" of the AMA Guides, Act 111 limits its application to the Sixth Edition of the AMA Guides, which was current in October 2018 when Act 111 was enacted. *See Gonzalez v. Guizzetti Farms, Inc. (Workers' Comp. Appeal Bd.)*, 297 A.3d 854, 860 (Pa. Cmwlth. 2023).

This Court has concluded that the adjustment in Act 111 cured the infirmity in the prior IRE provisions because the legislature may adopt as its own "a particular set of standards which are already in existence at the time of adoption" without violating non-delegation principles. *Gonzalez*, 297 A.2d at 860 (summarizing *Pa. AFL-CIO v. Commonwealth*, 219 A.3d 306, 319 (Pa. Cmwlth. 2019), *affirmed per curiam* (Pa., No. 88 MAP 2019, filed Aug. 18, 2020)). In the nearly five years since *Pennsylvania AFL-CIO* was handed down, this Court has repeatedly relied on it to reject arguments identical to those Claimant makes here. *See*, *e.g.*, *Gonzalez*, 297 A.3d at 860. Claimant fails to address *Pennsylvania AFL-CIO* at all, much less explain why it should not be considered good law. Claimant also fails to make any new arguments in this regard. As such, Claimant's facial constitutional challenge to Act 111 is meritless.

## B. Application of Act 111 to Claimant's Case

In *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), the claimant raised due process and due course of law claims identical to those Claimant makes here. We rejected those claims, holding that while a workers' compensation claimant does have a "certain right to benefits until such time as he is found to be ineligible for them," there are also "reasonable expectations under the Act that benefits may change." *Id.* at 1179. We explained that claimants did not "automatically lose anything by the enactment of Act 111," which "simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole-body impairment of less than 35%, after receiving 104 weeks of TTD benefits." *Id.*

Since handing down *Pierson* in 2021, this Court has repeatedly relied on it in this context and expanded our discussions on the relevant issues and cases as needed. *See, e.g.*, *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 435 (Pa. Cmwlth.), *appeal denied*, 278 A.3d 430 (Pa. 2022). Claimant asks this Court to "reconsider" *Pierson* but makes no new arguments why it and its progeny should not be considered good law. As such, Claimant's as-applied constitutional challenge to Act 111 is meritless.

## IV. Conclusion

Claimant has failed to show that Act 111 facially violates the non-delegation principles set forth in article II, section 1 of the Pennsylvania Constitution. Claimant has also failed to show that application of Act 111 to her case violates the due process principles set forth in the United States and

5

Pennsylvania Constitutions and the "due course of law" (Remedies Clause) in the Pennsylvania Constitution. Accordingly, the Board's order is affirmed.[7]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[7] Employer avers that Claimant's arguments have no basis in fact or law and are simply "regurgitations" of points repeatedly addressed and rejected by this Court; as such, Employer asks this Court to deem Claimant's appeal frivolous and order Claimant to pay $1,500.00 to Employer in attorneys' fees. Employer's Br. at 12-14.

Pennsylvania Rule of Appellate Procedure 2744 authorizes this Court, within its discretion, to award reasonable attorneys' fees if we determine that an appeal is frivolous. Pa.R.A.P. 2744. However, the standard is high and this Court must be "mindful of the need to avoid unjustly penalizing an appellant for exercising her right to fully exhaust her legal remedies." *Canal Side Care Manor, LLC v. Pa. Hum. Rels. Comm'n*, 30 A.3d 568, 579 (Pa. Cmwlth. 2011).

Our Supreme Court has repeatedly denied petitions for allowance of appeal from this Court's opinions on these issues. However, "the possibility remains that the Court could grant allowance of appeal and disagree with this Court's previous Act 111 holdings." *Kober v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 405 C.D. 2023, filed May 7, 2024), slip op. at 10, 2024 WL 2010625, at *5 (unreported). Here, although Claimant's arguments are "contrary to existing case law, [s]he has acted in good faith to preserve this challenge for future review; thus, this is not the type of appeal where the imposition of monetary sanctions is warranted." *Id.* Accordingly, Employer's request for attorneys' fees is denied.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle D. Epps,                :
             Petitioner     :
                              :
       v.                    :
                              :
City of Philadelphia (Workers'   :
Compensation Appeal Board),    :    No. 835 C.D. 2023
             Respondent   :

# **O R D E R**

AND NOW, this 8th day of July, 2024, the July 7, 2023, order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge